United States District Court
Southern District of Texas
**ENTERED**
November 09, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CARLOS ERNESTO VARGAS BARRERA, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-07944 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| GABRIEL MARTINEZ, *et al*, | § | |
| Respondents. | § | |

**ORDER**

Petitioner Carlos Ernesto Vargas Barrera filed a petition for writ of *habeas corpus* under 28 USC §2241 on September 21, 2026. Dkt 1. Upon his detention, he was told that his Temporary Protected Status was being revoked, but he asserts that he wasn't provided with a final revocation order, the required notice, or an opportunity to contest the revocation. Id at ¶5. He thus argues that his present detention violates (i) the Due Process Clause of the Fifth Amendment, (ii) 8 USC §1226(a), (iii) bond regulations in 8 CFR §236.1, 1236.1, and 1003.19, and (iv) the judgment in *Bautista v Santacruz*, 5:25-cv-01873. Id at ¶¶28–39. He also seeks injunctive relief prohibiting his transfer. Id at ¶¶40–47.

The petition also states that Petitioner brought a prior *habeas* petition in the Western District of Texas. Id at ¶6. The record indicates that Respondents there released him from immigration detention on his own recognizance on April 25, 2026. See 1:26-cv-00972-DAE, Dkt 10 at 2.

The Court issued an order to show cause pursuant to 28 USC §2243. Dkt 5.

The Government responded with a motion to dismiss and for summary judgment. Dkt 6. It states that Petitioner is a native and citizen of El Salvador who was placed in removal proceedings and was charged as being subject to removal. Id at 2. Petitioner is thus being held pursuant to 8 USC 1225(b)(2)(A). Id at 1. The Government argues that Petitioner's detention under §1225 doesn't violate Due Process. Id at 7–14.

The motion acknowledges Petitioner's prior *habeas* petition in the Western District of Texas, which was denied as moot after the Government released Petitioner from custody. Id at 3. See also Dkt 6-2. As to his current detention, the Government states that he was re-detained on May 11, 2026, after his Temporary Protected Status was revoked "due to allegations of extensive criminal activity." Dkt 6 at 3. See also Dkt 6-3 (detailing arrest record). Petitioner had been served with a Notice of Intent to Deny TPS on February 19, 2025, before his TPS was officially withdrawn in May. Dkts 6-4 (February notice) & 6-3 (revocation of TPS).

The Government also sought a stay pending the *en banc* rehearing of *Sosnava Rodriguez v Ortega*, No 26-50183 (5th Cir 2026), which request is now moot. Dkt 6 at 4–6.

Petitioner filed a response. Dkt 7. It maintains that Petitioner held TPS from approximately 2001 to 2026, and that it was unlawfully revoked without a final order, compliance with due process, or a meaningful opportunity to be heard. Id at 4. It also highlights that he has an approved I-130 petition and is appealing an immigration judge's denial of his cancellation of removal application. Id at 5.

The Fifth Circuit has issued a controlling decision with respect to detention under 8 USC §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention

under §1225(b)(2)(A). See id at 502–08; accord *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex) (as to §1225(b)(2)(A)). Such determination forecloses statutory arguments under the INA, along with any claim that the subject agency acted *ultra vires* in exercising detention authority in this context.

The Fifth Circuit has also issued a separate *en banc* decision with respect to the constitutionality of detention under §1225(b)(2)(A). See *Sosnava Rodriguez v Vegara*, 2026 WL 3181188 (5th Cir Oct 23, 2026). With reference to detention pending conclusion of removal proceedings for aliens who have never been admitted, the decision holds that neither procedural nor substantive due process requires hearings or other process beyond those provided by Congress. Id at *5, 9–10. As to that category of aliens, "the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, *are* due process of law." Id at *5, quoting *DHS v Thuraissigiam*, 591 US 103, 138 (2020) (emphasis in original); accord *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex) (as to procedural due process). The Fifth Circuit also flatly stated, "Any assertion of a fundamental right to freedom from custody pending removal proceedings fails." *Sosnava Rodriguez v Vegara*, 2026 WL 3181188, at *11. And in broader context, it further observed, "So long as an alien's detention pending removal 'ha[s] a definite termination point'—removal or release—his or her continued confinement without bond hearing does not offend due process." Id at *13, quoting *Banyee v Garland*, 115 F4th 928, 933–34 (8th Cir 2024); see also *Herrera Estrada v Thompson,* 2026 WL 2000097 (SD Tex) (as to substantive due process).

Such decisions resolve any claims in the petition as to the INA and the Due Process Clause. It thus appears that the only exception with respect to due process that might now apply is that articulated in *Zadvydas v Davis*, 533 US 678 (2001), with respect to post-removal-order detention and the presumptively constitutional six-month period.

But Petitioner here is not yet subject to a final order of removal.

Beyond that, the undersigned has now ruled on nearly 500 petitions for writ of *habeas corpus* since challenges in this context began in earnest in September 2025. This includes decisions on the following issues pertinent to the subject petition:

- *Sanchez-Sanchez v Bondi*, 4:26-cv-00144 (SD Tex, Jan 30, 2026): Holding that the order of the Central District of California in *Bautista v Santacruz* purporting to certify a nationwide class as to detention under §1225(b)(2)(A) has no preclusive effect outside that district's jurisdiction. See also *Bautista v Department of Homeland Security*, 26-1044 (9th Cir), Dkt 17 (staying district court order beyond Central District of California upon determination that certification of nationwide class likely exceeded district court jurisdiction).
- *Leiva Antunez v Bradford*, 4:26-cv-08821 (SD Tex, Oct 22, 2026): Holding that an approved Form I-130 doesn't modify statutory authority to detain under §1225 as it is only one step in the application for adjustment of immigration status. See also *Palacios Teletor v Dickey*, 4:26-09279 (SD Tex, Oct 28, 2026) (same).
- *Ruz Fuente v Noem*, 2026 WL 1270531 (SD Tex): Holding that prior temporary protected status did not constitute "admission" under the INA.

The arguments in the petition raise only issues resolved to the contrary in the decisions cited above. As such, it appears from the face of the petition that Petitioner is not entitled to relief.

The petition will thus be dismissed with prejudice on the basis presently submitted.

* * *

Many petitioners for writ of *habeas corpus* in this context present sympathetic personal and family circumstances. Even so, application of §1225(b)(2)(A) comports with due process and supports the position of the Government as to mandatory detention. Inquiry beyond that, as to whether such position is the best or wisest use of executive enforcement priorities, or whether it is in line with the priorities of prior Administrations, simply isn't the remit of an Article III court. It is instead the subject of legislation and the result of elections, both of which have consequences. See *Montoya Cabanas*, 2025 WL 3171331 at *6.

The petition for writ of *habeas corpus* by Petitioner Carlos Ernesto Vargas Barrera is DENIED. Dkt 1.

The motion by the Government for summary judgment is GRANTED. Dkt 6.

This action is DISMISSED WITH PREJUDICE.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on November 6, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge